IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 09-180 |
| | ) |
| v. | ) (18 U.S.C. §§ 1341, 1343, |
| | ) 1349, 1957(a), and 2; |
| FRANK GUZIK, JR. | ) 31 U.S.C. § 5324(a)(3)) |
| BONNIE GARDNER | ) |

## SUPERSEDING INDICTMENT

The grand jury charges:

### INTRODUCTION

1. At all material times, the defendant, FRANK GUZIK, JR., operated East Haven Housing Development Company and related entities (hereinafter collectively referred to as "East Haven") involved in the purchase and rehabilitation of real estate.

2. At all material times, the defendant, BONNIE GARDNER, was an assistant to the defendant, FRANK GUZIK, JR.

### COUNT ONE

### THE CONSPIRACY AND ITS OBJECTS

3. The allegations set forth in Paragraphs 1 and 2 are incorporated herein as if set forth in full.

4. From in or around April 2005, and continuing thereafter until in or around March 2008, in the Western District of Pennsylvania and elsewhere, the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, knowingly and willfully did conspire, combine, confederate and agree with each other and other persons known to the grand jury, to commit offenses against the United States, that is, Mail Fraud, in violation of Title 18, United States Code,

Section 1341, and Wire Fraud, in violation of Title 18, United States Code, Section 1343.

MANNER AND MEANS OF THE CONSPIRACY

5. It was part of the conspiracy that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, solicited investments into East Haven from individual investors to whom the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, made material misrepresentations to induce them to invest and to not withdraw their investments, including but not limited to the following:

(a) that the investments would generate rates of returns between eight and fourteen percent;

(b) that the investments were generating income for the investors;

(c) that the investment would be secured by mortgages on properties;

(d) that East haven properties sold for certain values; and

(e) that the money invested would be used to purchase and improve properties for resale.

6. It was further a part of the conspiracy that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, solicited investments into East Haven from individual investors to whom the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, provided fraudulent documents to induce them to invest and to not withdraw their investments, including but not limited to the following:

(a) promissory notes indicating rates of return between eight and fifteen percent;

(b) investment illustrations that falsely depicted that the victims were earning substantial interest on their investments;

(c) mortgage documents on properties that East Haven allegedly owned, falsely designed to make the investors believe that East Haven would not be able to sell the properties on which they held mortgages unless the mortgages were satisfied, when, in fact, some of those mortgage documents were not filed with the appropriate local authority; and

(d) interest checks designed to lead the investors to falsely believe that the investors were earning interest in their investments.

7. It was further a part of the conspiracy that the defendant, FRANK GUZIK, JR., submitted and caused the submission of forged mortgage satisfactions with local authorities.

8. It was further a part of the conspiracy that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, provided multiple investors with mortgages on the same properties, whose total purported values were significantly higher than the properties' actual resale value, designed to lead the investors to falsely believe that their investment was secure.

9. It was further a part of the conspiracy that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, arranged for the sales of numerous properties that East Haven had purportedly renovated to straw purchasers to make it falsely appear to the investors that East Haven was profitable and that their investments were secure.

10. It was further a part of the conspiracy that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, arranged for loans to finance the purchases of the properties by straw purchasers in which material misrepresentations were made to the lenders about the financial condition of the borrowers and that the borrowers made substantial down payments associated with the purchase of the properties.

11. It was further a part of the conspiracy that even after the properties were sold to the straw purchasers, the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, arranged to pay the mortgage payments and the utilities for the properties.

12. It was further a part of the conspiracy that the defendant, FRANK GUZIK, JR., diverted much of the investors' funds for his personal benefit.

13. It was further a part of the conspiracy that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, used and caused the use of the interstate wires in furtherance of the conspiracy.

14. It was further a part of the conspiracy that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, used and caused the use of the United States mail and an interstate carrier in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO - SIX

The grand jury further charges:

15. The allegations set forth in Paragraphs 1 and 2 of
this Superseding Indictment are incorporated herein as if set forth
in full.

## THE SCHEME AND ARTIFICE

16.    From in or around April 2005, and continuing
thereafter to in or around February 2008, in the Western District
of Pennsylvania, the defendants, FRANK GUZIK, JR. and BONNIE
GARDNER, devised and intended to devise a scheme and artifice to
defraud and for obtaining money and property by means of materially
false and fraudulent pretenses, representations and promises, well
knowing at the time that the pretenses, representations and
promises were false and fraudulent when made.

17.    It was part of the scheme and artifice to defraud
that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, solicited
investments into East Haven from individual investors to whom the
defendants, FRANK GUZIK, JR. and BONNIE GARDNER, made material
misrepresentations to induce them to invest and to not withdraw
their investments, including but not limited to the following:

(a)    that the investments would generate rates of
returns between eight and fourteen percent;

(b)    that the investments were generating income for
the investors;

(c) that the investments would be secured by mortgages on properties;

(d) that East Haven properties sold for certain values; and

(e) that the money invested would be used to purchase and improve properties for resale.

18. It was further a part of the scheme and artifice to defraud that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER solicited investments into East Haven from individual investors to whom the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, provided fraudulent documents to those investors to induce them to invest and to induce them to not withdraw their investments, including but not limited to the following:

(a) promissory notes indicating rates of return between eight and fifteen percent;

(b) investment illustrations that falsely depicted that the victims were earning substantial interest on their investments;

(c) mortgage documents on properties that East Haven allegedly owned, falsely designed to make the investors believe that East Haven would not be able to sell the properties on which they held mortgages unless the mortgages were satisfied, when, in fact, some of those mortgage documents were not filed with the appropriate local authority; and

(d) interest checks designed to lead the investors to falsely believe that the investors were earning interest in their investments.

19. It was further a part of the scheme and artifice to defraud that the defendant, FRANK GUZIK, JR., submitted and caused the submission of forged mortgage satisfactions with local authorities.

20. It was further a part of the scheme and artifice to defraud that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, provided multiple investors with mortgages on the same properties, whose total purported values were significantly higher than the properties' actual resale value, designed to lead the investors to falsely believe that their investment was secure.

21. It was further a part of the scheme and artifice to defraud that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, arranged for the sales of numerous properties that East Haven had purportedly renovated to straw purchasers to make it falsely appear to the investors that East Haven was profitable and that their investments were secure.

22. It was further a part of the scheme and artifice to defraud that the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, arranged for loans to finance the purchases of the properties by straw purchasers in which material misrepresentations were made to the lenders about the financial condition of the borrowers and that

the borrowers made substantial down payments associated with the purchase of the properties.

23. It was further a part of the scheme and artifice to defraud that even after the properties were sold to the straw purchasers, the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, arranged to pay the mortgage payments and the utilities for the properties.

24. It was further a part of the scheme and artifice to defraud that the defendant, FRANK GUZIK, JR., diverted investors' funds for his personal benefit.

## THE WIRE COMMUNICATIONS

25. On or about the dates set forth below, in the Western District of Pennsylvania, the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did cause to be transmitted in interstate commerce, by means of a wire communication, the following interstate wire transfers in the following amounts, each such transmission representing a separate count:

| Count | Date | Description of Transmission |
|-------|------|----------------------------|
| TWO | 3/29/2007 | Wire transfer of approximately $194,479.16 from the account of a lending institution located outside the Commonwealth of Pennsylvania to the PNC Bank account of the closing agent located in the Western District of Pennsylvania related to the purchase of 2295 Robert Street, Irwin, Pennsylvania |
| THREE | 4/12/2007 | Wire transfer of approximately $153,122.62 from the account of a lending institution located outside the Commonwealth of Pennsylvania to the PNC Bank account of the closing agent located in the Western District of Pennsylvania related to the purchase of 202 Terrace Court, Trafford, Pennsylvania |
| FOUR | 5/31/2007 | Wire transfer of approximately $91,604.04 from the account of a lending institution located outside the Commonwealth of Pennsylvania to the PNC Bank account of the closing agent located in the Western District of Pennsylvania related to the purchase of 47 Lilmont Drive, Swissvale, Pennsylvania |
| FIVE | 8/10/2007 | Wire transfer of approximately $192,783.68 from the account of a lending institution located outside the Commonwealth of Pennsylvania to the PNC Bank account of the closing agent located in the Western District of Pennsylvania related to the purchase of 3237 Arapahoe Road, Bethel Park, Pennsylvania |

| Count | Date | Description of Transmission |
|-------|------|---------------------------|
| SIX | 12/17/2007 | Wire transfer of approximately $217,325.56 from the account of a lending institution located outside the Commonwealth of Pennsylvania to the PNC Bank account of the closing agent located in the Western District of Pennsylvania related to the purchase of 135 Painter Street, Trafford, Pennsylvania |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS SEVEN - THIRTEEN

The grand jury further charges:

26. The allegations set forth in Paragraphs 1 and 2 of this Superseding Indictment are incorporated herein as if set forth in full.

## THE SCHEME AND ARTIFICE

27. From in or around April 2005, and continuing thereafter to in or around March 2008, in the Western District of Pennsylvania, the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises were false and fraudulent when made.

28. The allegations set forth in Paragraphs 16 through 24 of this Superseding Indictment are incorporated herein as if set forth in full.

## THE MAILINGS

29. On or about the dates set forth below, in the Western District of Pennsylvania, the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, for the purposes of executing the aforesaid scheme and artifice to defraud, and in attempting to do so, did place and cause to be placed in an authorized depository for United States mail, to be sent and delivered by the United States Postal

Service according to the directions thereon, the following matters, each such mailing representing a separate count:

| Count | Date | Description of Mailing |
|-------|------|------------------------|
| SEVEN | 6/1/2007 | Investment Illustration for individuals known to the grand jury as JO and LQ |
| EIGHT | 11/1/2007 | Investment Illustration for individuals known to the grand jury as LJC and JNC |
| NINE | 12/1/2007 | Investment Illustration for individuals known to the grand jury as CLC and LC |
| TEN | 12/1/2007 | Investment Illustration for an individual known to the grand jury as JS |
| ELEVEN | 12/1/2007 | Investment Illustration for individuals known to the grand jury as XW |
| TWELVE | 12/1/2007 | Investment Illustration for individuals known to the grand jury as WLS and DJS |
| THIRTEEN | 2/1/2008 | Investment Illustration for an individual known to the grand jury as TW |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS FOURTEEN AND FIFTEEN

The grand jury further charges:

30 . The allegations set forth in Paragraphs 1 and 2, Paragraphs 17 through 24, and Paragraph 27 of this Superseding Indictment are incorporated herein as if set forth in full.

## THE MAILINGS

31. On or about the dates set forth below, in the Western District of Pennsylvania, the defendants, FRANK GUZIK, JR. and BONNIE GARDNER, for the purposes of executing the aforesaid scheme and artifice to defraud, and in attempting to do so, sent and cause to be sent, the following matters, to be sent and delivered by DHL, an interstate carrier, according to the directions thereon, each such mailing representing a separate count:

| COUNT | DATE | DESCRIPTION OF MAILING |
|-------|------|------------------------|
| FOURTEEN | 11/8/2007 | East Haven Housing Development check number 1111 payable to an individual known to the grand jury as TH in the approximate amount of $2,041.75 |
| FIFTEEN | 2/7/2008 | Letter from the defendant, BONNIE GARDNER, to an individual known to the grand jury as WS enclosing a Note |

All in violation of Title 18, United States Code, Sections 1341 and 2.

14

## COUNTS SIXTEEN AND SEVENTEEN

The grand jury further charges:

32. The allegations set forth in Paragraph 1 of this Superseding Indictment along with Counts One through Fifteen of this Superseding Indictment are incorporated herein as if set forth in full.

33. On or about the date set forth below, in the Western District of Pennsylvania, the defendant, FRANK GUZIK, JR., did knowingly engage in the following monetary transactions, affecting interstate commerce, in criminally derived property with a value greater than $10,000, which property was derived from specified unlawful activity, in that the defendant, FRANK GUZIK, JR., engaged in the following monetary transactions, knowing that the funds were derived from a criminal offense, when in fact said funds were derived from the specified unlawful activity of Mail Fraud and Wire Fraud, each such transaction representing a separate count:

| Count | Date | Description of Financial Transaction |
|-------|------|--------------------------------------|
| SIXTEEN | 3/3/2008 | Wire transfer of approximately $100,000 from the National City Bank account of the defendant, FRANK S. GUZIK, JR., to the bank account of an entity known to the grand jury located in Texas for the purchase of gold coins |

| Count | Date | Description of Financial Transaction |
|-------|------|--------------------------------------|
| SEVENTEEN | 3/5/2008 | Wire transfer of approximately $100,000 from the National City Bank account of the defendant, FRANK S. GUZIK, JR., to the bank account of an entity known to the grand jury located in Texas for the purchase of gold coins |

In violation of Title 18, United States Code, Section 1957(a).

## COUNT EIGHTEEN

The grand jury further charges:

34.     On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, FRANK GUZIK, JR., and another individual known to the grand jury as SK, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations prescribed thereunder, did structure, assist in structuring, and cause to be structured, transactions with Irwin Bank, a domestic financial institution, that is, the defendant, FRANK GUZIK, JR., and SK, structured and caused to be structured the withdrawal of United States currency from an account at Irwin Bank, in the following amounts noted:

| DATE | AMOUNT |
|------|--------|
| 1/10/2008 | $ 7,100.00 |
| 1/11/2008 | $ 7,100.00 |

In violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

## COUNT NINETEEN

The grand jury further charges:

35. On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, FRANK GUZIK, JR., and another individual known to the grand jury as SK, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations prescribed thereunder, did structure, assist in structuring, and cause to be structured, transactions with Irwin Bank, a domestic financial institution, that is, the defendant, FRANK GUZIK, JR., and SK, structured and caused to be structured the withdrawal of United States currency from an account at Irwin Bank, in the following amounts:

| DATE | AMOUNT |
|------|--------|
| 1/15/2008 | $ 8,000.00 |
| 1/22/2008 | $ 9,000.00 |

In violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

## COUNT TWENTY

The grand jury further charges:

36. On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, FRANK GUZIK, JR., and another individual known to the grand jury as SK, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations prescribed thereunder, did structure, assist in structuring, and cause to be structured, transactions with Irwin Bank, a domestic financial institution, that is, the defendant, FRANK GUZIK, JR., and SK, structured and caused to be structured the withdrawal of United States currency from an account at Irwin Bank, in the following amounts:

| DATE | AMOUNT |
|------|--------|
| 1/29/2008 | $ 9,000.00 |
| 1/31/2008 | $ 5,000.00 |
| 2/05/2008 | $ 8,000.00 |

In violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE

The grand jury further charges:

37.     On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, FRANK GUZIK, JR., and another individual known to the grand jury as SK, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations prescribed thereunder, did structure, assist in structuring, and cause to be structured, transactions with Irwin Bank, a domestic financial institution, that is, the defendant, FRANK GUZIK, JR., and SK, structured and caused to be structured the withdrawal of United States currency from an account at Irwin Bank, in the following amounts:

| DATE | AMOUNT |
|------|--------|
| 2/26/2008 | $ 9,000.00 |
| 2/26/2008 | $ 9,300.00 |

In violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

## COUNT TWENTY-TWO

The grand jury charges:

38. On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, FRANK GUZIK, JR., and another individual known to the grand jury as SK, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations prescribed thereunder, did structure, assist in structuring, and cause to be structured, transactions with Irwin Bank, a domestic financial institution, that is, the defendant, FRANK GUZIK, JR., and SK, structured and caused to be structured the withdrawal of United States currency from an account at Irwin Bank, in the following amounts:

| DATE | AMOUNT |
|------|--------|
| 2/29/2008 | $ 9,000.00 |
| 3/03/2008 | $ 9,000.00 |
| 3/04/2008 | $ 9,000.00 |
| 3/06/2008 | $ 9,500.00 |

In violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

## COUNT TWENTY-THREE

The grand jury charges:

39. On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, FRANK GUZIK, JR., for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations prescribed thereunder, did structure, assist in structuring, and cause to be structured, transactions with National City Bank, a domestic financial institution, that is, the defendant, FRANK GUZIK, JR., structured and caused to be structured the withdrawal of United States currency from an account at National City Bank, in the following amounts:

| DATE | AMOUNT |
|------|--------|
| 2/28/2008 | $ 4,000.00 |
| 2/29/2008 | $ 8,500.00 |

In violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT TWENTY-FOUR

The grand jury charges:

40. On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, FRANK GUZIK, JR., for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations prescribed thereunder, did structure, assist in structuring, and cause to be structured, transactions with Citizens Bank, a domestic financial institution, that is, the defendant, FRANK GUZIK, JR., structured and caused to be structured the withdrawal of United States currency from an account at Citizens Bank, in the following amounts:

| DATE | AMOUNT |
|------|--------|
| 2/26/2008 | $ 8,500.00 |
| 2/27/2008 | $ 8,000.00 |

In violation of Title 31, United States Code, Section 5324(a)(3).

## COUNT TWENTY-FIVE

The grand jury charges:

41. On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, FRANK GUZIK, JR., for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313, and the regulations prescribed thereunder, did structure, assist in structuring, and cause to be structured, transactions with Citizens Bank, a domestic financial institution, that is, the defendant, FRANK GUZIK, JR., structured and caused to be structured the withdrawal of United States currency from an account at Citizens Bank, in the following amounts:

| DATE | AMOUNT |
|------|--------|
| 2/27/2008 | $ 9,000.00 |
| 2/28/2008 | $ 9,575.00 |

In violation of Title 31, United States Code, Section 5324(a)(3).


A True Bill,


_____
FOREPERSON


_____
DAVID J. HICKTON
United States Attorney
PA ID No. 34524