IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 09-180 |
| | ) | |
| FRANK GUZIK, JR. | ) | |
| BONNIE GARDNER | ) | |

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Brendan T. Conway, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a twenty-five count Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Mail and Wire Fraud Conspiracy<br>April 2005 - March 2008 | 18 U.S.C. § 1349 | GUZIK<br>GARDNER |
| 2-6 | Wire Fraud<br>Count 2: 03/29/2007<br>Count 3: 04/12/2007<br>Count 4: 05/31/2007<br>Count 5: 08/10/2007<br>Count 6: 12/17/2007 | 18 U.S.C. § 1343 | GUZIK<br>GARDNER |

| | | | |
|---|---|---|---|
| 7-15 | Mail Fraud<br>Count 7: 06/01/2007<br>Count 8: 11/01/2007<br>Count 9: 12/01/2007<br>Count 10: 12/01/2007<br>Count 11: 12/01/2007<br>Count 12: 12/01/2007<br>Count 13: 02/01/2008<br>Count 14: 11/08/2007<br>Count 15: 02/07/2008 | 18 U.S.C. § 1341 | GUZIK<br>GARDNER |
| 16 and 17 | Money Laundering<br>Count 16: 03/03/2008<br>Count 17: 03/05/2008 | 18 U.S.C. § 1957(a) | GUZIK |
| 18-25 | Structuring Financial Transactions<br>Count 18: 01/10/2008-01/11/2008<br>Count 19: 01/15/2008 - 01/22/2008<br>Count 20: 01/29/2008 - 02/5/2008<br>Count 21: 02/26/2008<br>Count 22: 02/29/2008 - 03/06/2008<br>Count 23: 02/28/2008 - 02/29/2008<br>Count 24: 02/26/2008 - 02/27/2008<br>Count 25: 02/27/2008 - 02/28/2008 | 31 U.S.C. § 5324(a)(3) | GUZIK |

## II. **ELEMENTS OF THE OFFENSES**

A. As to Count 1:

In order for the crime of Mail and Wire Fraud Conspiracy, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. § 1343, as described in the

2

Superseding Indictment, was formed, reached, or entered into by two or more persons;

2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement, see Whitfield v. United States, 125 S.Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

B. As to Counts 2-6:

In order for the crime of Wire Fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

2. That the defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Third Circuit Model Criminal Jury Instruction 6.18.1343.

C. As to Counts 7-15:

In order for the crime of Mail Fraud Fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

2. That the defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, the defendant used the mails or a private or commercial interstate carrier, or caused the mails or a private or commercial interstate carrier to be used.

Third Circuit Model Criminal Jury Instruction 6.18.1341.

D. As to Counts 16 and 17:

In order for the crime of Money Laundering, in violation of 18 U.S.C. § 1957(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly engaged in a "monetary transaction."

2. The value of the funds or monetary instrument involved in the transaction or attempted transaction exceeded $10,000.00.

3. The defendant knew that the funds or monetary instrument involved in the transaction or attempted transaction constituted "criminally derived property."

4. The property involved in the transaction (i.e., the funds or monetary instrument) was, in fact, the proceeds of "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7).

5. That the offense took place in the United States or in a special maritime or territorial jurisdiction of the United States.

        18 U.S.C. §§ 1957(a), 1957(d)(1), 1957(f)(1) and 1957(f)(2).

E. As to Counts 18-25:

In order for the crime of Structuring Financial Transactions, in violation of 31 U.S.C. § 5324(a)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant structured or caused to be structured currency transactions with one or more domestic financial institutions;

2. That the defendant structured the currency transactions for the purpose of evading the reporting requirements

5

of Title 31, United States Code, Section 5313(a), and the regulations prescribed thereunder;

3. That the defendant structured the currency transactions knowingly.

> Title 31, United States Code, Section 5324(a)(3); 3 L.Sand, et al., Modern Federal Jury Instructions, 2004, Instruction No. 50B-21.

### III. PENALTIES

A. As to Count 1: Mail and Wire Fraud Conspiracy (18 U.S.C. § 1349), the maximum possible penalties for individuals are:

1. Imprisonment of not more than 20 years (18 U.S.C. §§ 1349 and 1343);

2. A fine not more than the greater of;

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4. Any or all of the above.

B. As to Counts 2-6: Wire Fraud (18 U.S.C. § 1343), the maximum possible penalties for individuals are:

1. Imprisonment for not more than twenty (20) years, as the offenses affected financial institutions (18 U.S.C. § 1343);

2. A fine not more than the greater of:

(a) $250,000 (18 U.S.C. § 1343);

or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583); and

4. Any or all of the above.

C. As to Counts 7-15: Mail Fraud (18 U.S.C. § 1341), the maximum possible penalties for individuals are:

1. Imprisonment for not more than twenty (20) years, as the offenses affected financial institutions (18 U.S.C. § 1341);

2. A fine not more than the greater of:

(a) $250,000 (18 U.S.C. § 1341);

or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583); and

4. Any or all of the above.

D. As to Counts 16 and 17: Money Laundering (18 U.S.C. § 1957(a)), the maximum possible penalties for individuals are:

1. Imprisonment for not more than ten (10) years.

2. A fine of not more than the greater of:

(a) $250,000.00 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(b) An alternate fine of not more than twice the amount of criminally derived property involved in the transaction (18 U.S.C. § 1957(b)(2)).

3. A term of supervised release of not more than three (3) years.

E. As to Count 18-25: Structuring Financial Transactions (31 U.S.C. § 5324(a)(3)), the maximum possible penalties for individuals are:

1. Imprisonment for not more than five (5) years (31 U.S.C. § 5322(a));

2. A fine not more than the greater of;

(a) $250,000 (31 U.S.C. § 5322(a));

<u>or</u>

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4. Any or all of the above.

## IV. <u>MANDATORY SPECIAL ASSESSMENT</u>

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendants are convicted, pursuant to 18 U.S.C. § 3013.

## V. <u>RESTITUTION</u>

Restitution may be required in this case as to Counts One through Fifteen, together with any authorized penalty, as part of the defendants sentences pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## V. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

BRENDAN T. CONWAY
Assistant U.S. Attorney
PA ID No. 78726